LYONS, Justice
(concurring specially).
I concur fully in the main opinion. I write specially to note the absence of an objection to testimony central to the issue of intention of the parties at the time the easement was created and also to comment on the statement in Weeks v. Wolf Creek Industries, Inc., 941 So.2d 263 (Ala.2006), that is relied upon by the PPCOA.
The main opinion states:
“This finding [of no overburdening of the easement because there has been no significant change in use of the easement from that contemplated by the *1208 parties (including the owner of the ser-vient estate) at the time the easement was created] is supported by the evidence in the record, including testimony from a developer who was in business with P & C — which originally obtained the one-acre parcel from Cummans and the easement from Perdido Place, LLC — who stated that he had discussed his development plans with Cummans and specifically had discussed beach access for the Fudpuckers property by way of the easement across Perdido Place.”
48 So.3d at 1207. The PPCOA contends that no evidence was presented from Cum-mans as to the issue of what the parties contemplated when the easement was created. The testimony referred to in the main opinion deals with what David Cum-mans was told; therefore, the trial court had sufficient basis to make its observation as to the contemplation of the parties. This evidence was received without objection from the PPCOA on the ground that evidence of the intent of the parties was inadmissible based on the lack of ambiguity in the instrument creating the easement.
In Weeks, this Court stated: “Moreover, the use of the easement by owners of property other than a subdivision of the dominant tenement — even property acquired by the dominant-tenement owner after creation of the servitude — overburdens the servient estate as a matter of law.” 941 So.2d at 272 (emphasis added). I read the foregoing statement as stating a rule that the owner of property acquired from an entity that also happened to own a dominant estate in an easement derives no rights whatsoever in such easement simply by the fortuity of its predecessor in title also happening to own separate property that has rights in such easement. I do not read the foregoing statement from Weeks as limiting the nature of the ownership in the dominant estate to the ownership of fee-simple title to a subdivided tract situated within the boundary of the original dominant estate. I construe “subdivision” as used in Weeks in a broader sense that embraces the recognition of rights of ownership in a common area situated within the boundary of the original dominant estate. Consequently, Weeks does not require the reversal of the judgment of the trial court in this case.